THE PEOPLE OF THE STATE OF NEW YORK *ex rel.* JOHN H. MORRIS *et al. against* SAMUEL H. RANDALL, Respondent.

### [SPECIAL TERM.]

(Decided May 18th, 1878.)

An order of the Court of Appeals reversing an order of the general term of this court (which affirmed an order of the special term granting a motion) and denying, " with costs," the motion made at special term, gives the party so succeed ing in the Court of Appeals only his costs in that court.

Costs upon a motion to punish for contempt of court are in the discretion of the court in which the motion is made, and though an order of affirmance of an order of this court granting such a motion be reversed in the Court of Appeals, and the motion be there denied, " with costs," on the ground that there was no contempt in law, this court will refuse to give the successful party either costs of motion or costs of appeal to the general term, where he has, while acting as an attorney, been guilty of obtaining from this court its order by means of conceal- ment and suppression of the facts.

TAXATION of respondent's costs after entry of order in his favor on remittitur from the Court of Appeals.

The Court of Appeals reversed the order of the general term of this court affirming the order of the special term of this court, holding the respondent, Randall, guilty of contempt, and ordered that the motion (to punish respondent for contempt) be " denied with costs." The respondent's bill of costs, presented for taxation, contained " costs of special term," $75 ; " costs at general term," $60 ; and costs in the Court of Appeals, $110 ; and disbursements incurred at special and general terms and in the Court of Appeals.

The relator was granted costs in this court at special term on the original motion, which was denied by the Court of Appeals. No costs of general term were awarded to either party.

*Samuel H. Randall*, respondent in person.

*D. M. Porter*, for relators.

JOSEPH F. DALY, J.—The order of the Court of Appeals, reversing the order of the general term and denying the relator's motion " with costs," gives the respondent, as matter of absolute right, only the costs in the Court of Appeals. In the case of *The Sisters of Charity* v. *Kelly* (68 N. Y. 628), it was decided that " where costs are given by the judgment of that court it means *costs in that court* to the successful party against the unsuccessful party." There is no good reason for limiting these broad terms to judgments only; in principle it can make no difference whether it is an order or a judgment of the Court of Appeals that awards the costs.

Besides, costs in special proceedings are in the discretion of the court. (Laws of 1854, chap. 270, sec. 3.) It is not to be presumed that the Court of Appeals intended to exercise the discretion of this court in granting or refusing costs upon the denial of the motion to punish the respondent for contempt, but that the Court of Appeals intended to grant him costs in that court—the utmost it could do.

As matter of right, based on the order of the Court of

People *ex rel.* Morris v. Randall.

Appeals, respondent is not entitled, of course, to costs of the special and general terms of this court.

If this application for taxation of the costs of the special and general term be regarded or intended or construed as an appeal by respondent to the discretionary power of this court over the costs of the proceeding, and an application for costs under the act above cited, it must be denied. The reasons stated in the opinion of Judge VAN BRUNT for holding the respondent guilty of contempt show clearly why the discretion of this court would not be properly exercised in granting him costs. He has escaped responsibility upon the technical ground that he was not guilty of a violation of the injunction of the court; but he was guilty of suppressing and concealing from the court, when obtaining the order on which he got the fund in question out of the chamberlain's custody, facts which, if then made known, would have prevented his getting that order, and have prevented the damage the relator has sustained. Of this gross breach of duty which he owed to the court as one of its counsellors some notice is taken in the opinion of the Court of Appeals reversing the orders of this court, in that passage in which it is stated that he cannot be punished in this proceeding, even if he be "unfaithful as an attorney and have abused the confidence of the court and of his clients," and in that passage of the opinion in which it is said : " He may have been sharp and unscrupulous. He may have taken advantage of the relators and their attorney. But did he violate the order ? That is the question." He has not by any means secured a vindication by the decision of the Court of Appeals ; the technical question of the power to punish him in these proceedings for the acts complained of, on the ground of a violation of the order of the court, is the only point disposed of in the decision, on the strength of which he claims costs of this court. His application for taxation of costs must be denied, except in so far as costs of the Court of Appeals, and disbursements marked by me as allowed, are concerned.

Ordered accordingly.